VESTA A. WITHAM

*vs.*

BANGOR & AROOSTOOK RAIL ROAD COMPANY.

Piscataquis.   Opinion March 26, 1902.

*Railroads.   Right of Way.   Reasonable Use.   Repairs.   Negligence.*

While driving along the highway near the railroad track of the defendant, the plaintiff was thrown from her wagon and injured, by her horse becoming frightened at three pieces of culvert pipe some seventeen feet outside of the highway, and upon the defendant's right of way, and which had been deposited there four days before for the purpose of repairing and improving its road-bed by substituting a culvert for a bridge at that point. The appearance of the pipe was such as was calculated to frighten horses of ordinary gentleness.

The defendant in repairing and improving its roads was in the exercise of a right conferred by its charter, and a duty which the law imposes upon it for the safety of the public who travel over its road.

In doing this it must act reasonably, and with a due regard for the rights and safety of persons who have occasion to use the highway. It cannot act negligently, improperly or unreasonably; but to create a liability on its part for the resulting injury, there must be something in the time, or manner, or circumstances under which the act is done, which charges it with a want of proper regard for the rights of others.

The defendant corporation was created by the public for public purposes. The public safety and convenience demand that its road-bed be kept in repair. If it exercises due care in making repairs and improvements upon its own premises, no action will lie for such inconveniences, or even injurious consequences, as are necessarily incident to its management and operation.

The appearance of the pipe being such as was calculated to frighten horses of ordinary gentleness, the defendant would not be justified in letting it remain so near the highway for an unreasonable length of time.

*Held;* that in view of the nature of the repairs for which the pipe was intended, the constant and regular use of the defendant's road for public travel and commerce, and the extent of its line which must be kept in repair at all times, and in all places, four days was not an unreasonable length of time, under the circumstances of this case.

On report.    Judgment for defendant.

Action of tort to recover damages sustained by the plaintiff, by being thrown from her carriage while traveling on the highway in Guilford adjoining the defendant's railroad.    The cause of the accident, as the plaintiff alleged, was due to her horse taking fright at some culvert pipe placed in close proximity to the highway.    There were three pieces of pipe, black in color, three feet eight and one-half inches in diameter at one end, four feet and three inches at the other end, and twelve feet and six and one-half inches long.    They weighed 6147 pounds, each.

By agreement of the parties, the case was reported to the law court to determine whether the action was maintainable.

*H. Hudson,* for plaintiff.

Counsel argued:    The placing of the pipes where they were placed was a nuisance.

If the pipes had been placed where they were by an individual, such individual would have been liable therefor.

The same rule applies to a railroad corporation that applies to an individual.

The defendant cannot justify under its charter.    When such charter was granted, it was not within the contemplation of the legislature that nuisances were to be created.

The plaintiff admits that the defendant has the right to repair its railroad track, its bridges, and to do what is necessary to keep the road in good condition; and that in making said repairs it has the right to do everything necessary to be done in order to make the repairs, provided it does not create a nuisance.    It is not contended that, if it was absolutely necessary to do a given piece of work on the railroad and it could not be done in any other way than to create a

nuisance, that the railroad might have the right to create such nuisance; but when the work can be done by the road without creating such a nuisance and endanger the lives and property of persons, then the railroad should adopt such course as would not endanger such lives and the property of persons. If the road, however, sees fit to adopt the course to create a nuisance and thereby damage any person either in property or an injury to the person, then the railroad is liable for such damage.

The placing of such objects on its right of way in such close proximity to the traveled portion of the highway, which are naturally calculated to frighten horses ordinarily gentle and well broken, is not a reasonable use of its right of way; that such use is unlawful and constitutes a nuisance. *Lynn* v. *Hooper*, 93 Maine, 46, 47 L. R. A. 752.

An object at the side of the highway, or in close proximity thereto, of such a character that it is naturally calculated to frighten horses ordinarily gentle may constitute a nuisance. Elliot on Roads, § 649, 2nd Ed.; *Cook* v. *Charlestown*, 98 Mass. 80, 93 Am. Dec. 137; *Kingsbury* v. *Dedham*, 13 Allen, 186, 90 Am. Dec. 191; *Horton* v. *Taunton*, 97 Mass. 266; *Ayer* v. *Norwich*, 12 Am. Rep. 396, (39 Conn. 376).

The following have been held to constitute a nuisance:

A heap of refuse on land near the highway liable to frighten horses. *Brown* v. *Eastern R. R. Co.*, 21 Q. B. Div. 391, S. C. 37 Am. & Eng. R. R. Cases, 558. A hand car left on the track so loaded as to frighten horses. *Cincinnati R. R. Co.* v. *Commonwealth*, 80 Ky. 139, Am. & Eng. Enc. of Law, Vol. 19, 921; *Broughton* v. *Carter*, 18 Johnson, 406. The placing of anything near a highway calculated to frighten horses, is a public nuisance. Wood on Nuisances, 3rd Ed. p. 94.

Public or common nuisances affect the community at large, or some considerable portion of it, such as the individuals of a town, and the person therein offending is liable to criminal prosecution. A public nuisance does not necessarily create a civil cause of action for any person, but it may do so under certain conditions. A private nuisance affects only one person or a determinate number of persons,

and is the ground of civil proceedings only.    Am. & Eng. Enc. Vol.
16, 926.    See also *Baltzeger* v. *Carolina Midland Ry. Co.*, 71 Am.
St. Rep. 789, 54 S. C. 242.

Objects in the highway that do not prevent passage, but render it
dangerous from the tendency to frighten horses, are nuisances.
Cooley on Torts, p. 617, and cases cited.

If one, for his own benefit, violates the rights of another, it is a
nuisance, and if this consists in the violation of a public right, indict-
ment is the appropriate remedy for its vindication and redress.
*Davis* v. *Winslow*, 51 Maine, 264, 81 Am. Dec. 573; *Shrewsbury* v.
*Smith*, 12 Cush. 177; *Heeg* v. *Licht*, 80 N. Y. 579, 36 Am. Rep.
654; *Gorham* v. *Gross*, 125 Mass. 232, 28 Am. Rep. 224.

The testimony in this case from nine different witnesses introduced
by the plaintiff shows that horses which were ordinarily kind were
frightened at the pipes.    These witnesses were prominent business
men in the village of Guilford and Sangerville.    Each witness testi-
fied that the horse he drove, and was frightened, was in most cases a
horse that had been owned for some time, a family horse, and was not
frightened before nor since that time.    The plaintiff contends, there-
fore, that the pipes placed where they were, of the color, size, and
the manner of placing them, were well calculated to frighten horses,
and therefore were a nuisance.    The plaintiff claims that the authori-
ties already cited show that had the pipes been placed where they
were by some person owning the land, then such person would have
been liable for the damage that the plaintiff suffered.

The same rule that applies to individuals applies to corporations
as well.    The maxim "sic utere tuo,"—so use your own property
as not to injure the rights of another,—applies alike to corporations
and to individuals.

In *Hill* v. *Portland & Rochester R. R. Co.*, 55 Maine, 438, 92
Am. Dec. 601, the plaintiff's horse was frightened by a loud and sud-
den blowing of defendant's locomotive whistle at a railroad crossing
near the Buxton station.    Defendant denied its liability.    The court
say:    A railroad company has an undoubted right to establish rules
and regulations in reference to the mode and manner in giving notice
at stations or at other places, but all such rules must be subjected to

the test of reasonableness in view of the rights and duties of citizens who may be affected by them.    No corporation can rightly disregard these rights when adopting its own rules of action or giving directions to its servants.    The great maxim of "sic utere tuo" applies to corporations as to individuals.    *Shaw* v. *Boston & Worcester R. R. Corp.*, 8 Gray, 45.    "We cannot sanction the claim of any railroad to establish and execute its own rules at its own pleasure without reference to others rights and privileges."    *Hill* v. *P. & R. R. R. Co.*, 55 Maine, 438, 92 Am. Dec. 601.

In every case, then, it becomes a question whether in that particular case the act was reasonable and within the rule of ordinary care under all the circumstances of time and place, and all the surroundings.    *Hill* v. *P. & R. R. R. Co.*, supra.

Counsel cited:    *Cogswell* v. *N. Y. N. H. & H. R. R. Co.*, 103 N. Y. 10, 57 Am. Rep. 701;    *Morton* v. *Mayor of N. Y.* 140 N. Y. 207, 22 L. R. A. 241;    *Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301, 45 Am. St. Rep. 615, 27 L. R. A. 724;    *Balt. & Pot. R. R. Co.* v. *Fifth Baptist Church*, 108 U. S. 317;    *Sinnickson* v. *Johnson*, 2 Harr. (N. J.) 129, 34 Am. Dec. 184;    *Pa. R. R. Co.* v. *Angel*, 56 Am. Rep. 1, S. C. 41 N. J. Eq. 316, and notes;    *Matthews* v. *W. L. Water Works*, 3 Camp. 403;    *Pine City* v. *Murch*, 42 Minn. 342, 6 L. R. A. 763;    2 Wood on Nuisances, p. 1049;    *Jones* v. *Housatonic R. R. Co.*, 107 Mass. 261;    *Brown* v. *Eastern Midland R. R. Co.*, App. Cas. Q. B. Div. 25 & 23, Feb. 13, 1889.

*F. H. Appleton and H. R. Chaplin*, for defendant.

The pipes were not deposited on the highway or upon the land of any other person or corporation, but upon its own right of way, in which by operation of law, it had a distinct and peculiar easement; not such an easement as is limited to the ordinary right of way, such as is acquired for highways, but an easement that justifies a use by the company of the land for all the purposes of a railroad.    *Brainard* v. *Clapp*, 10 Cush. 6, 57 Am. Dec. 74;    *Conn. & Pass. Rivers R. R. Co.* v. *Holton*, 32 Vt. 44.    The easement in lands taken for the purpose of a railroad is obviously vastly different from that in land appropriated to the various kinds of other public ways.    *Hayden* v. *Skillings*, 78 Maine, 413;    *Brainard* v. *Clapp*, 10 Cush. 6, 57

Am. Dec. 74 ; Pierce on Railroads 159, 161, 263 ; 2 Elliot on Rail-roads, § 718 ; *Conn. & Pass. Rivers R. R. Co.* v. *Holton*, 32 Vt. 44. It is the largest possible description. *Curtis* v. *Eastern R. R. Co.*, 14 Allen, 58. Great care is required from railroad companies in the construction of their roads, not only must the road be properly con-structed, but it must be kept in good condition. They were bound to exercise that degree of care and skill which cautious persons would use in the construction by competent engineers and workmen of the road-bed, track, culverts and all the appliances and means of transportation to carry on the business of the road and operate its trains. To make frequent and careful examinations and inspections of the same in order to avoid accidents as far as human skill and foresight can reasonably secure such a right. *Libby* v. *M. C. R. R. Co.*, 85 Maine, 34, 20 L. R. A. 812. By virtue of the easement in its right of way which it acquired under and by virtue of its charter and franchise, the defendant had the right to deposit within its location, such material as it deemed necessary to the construction or maintenance of its road, and the only possible question in this case is, whether the defendant reasonably exercised in this instance the legal rights with which it was invested. The plaintiff's right to travel over the highway is in no way superior to the railroad's right to use its right of way for legitimate railroad purposes in the con-struction or in the maintenance of its road. The public easement of travel is not superior to the easement which the defendant has within its right of way. On the contrary, the passenger on the highway must submit to such incidental inconvenience and dangers as neces-sarily flow from the operation of a railroad chartered under the laws of a state. *Macomber* v. *Nichols*, 34 Mich. 212, 22 Am. Rep. 522. So long as it keeps within the scope of the powers and authority granted, a railroad company is not liable, either civilly or criminally for a nuisance which is the necessary result of the construction and operation of its road, in accordance with its charter. 2 Elliot on Railroads, § 718, and cases cited. The mere fact, assuming it to be true, that the culvert pipes were calculated to frighten horses, does not necessarily constitute them a nuisance. Horses may be and often are frightened by locomotives in both town and country, but it would

be as reasonable to treat the horse as a public nuisance from its tendency to shying and be frightened by unaccustomed objects as treat the locomotive as a public nuisance, from its tendency to frighten the horses. The use of the one may impose upon the manager of the other the obligation of additional care and vigilance beyond what would otherwise be essential, but only the paramount authority of the legislature can give to either the owner of the horse or the owner of the locomotive exclusive privileges. *Macomber* v. *Nichols,* 34 Mich. pp. 212, 219, 22 Am. Rep. 522; Cooley on Torts, 617. And it has been commonly held by a great majority of the courts in this country that a railroad company is not liable for injuries resulting from horses becoming frightened upon the highway at the mere sight of its trains or the noises necessarily incident to the running of the trains and the operation of the road. 3 Elliot on Railroads, § 1264, and cases cited. *Lamb* v. *Old Colony Railroad,* 140 Mass. 79, 54 Am. Rep. 449. The materials that enter into the construction and repair of a railroad, as a rule, are large and ponderous and handled with great difficulty and of necessity have to be deposited convenient to the point where they are intended to be used. Railroad bridges, and sections of bridges, large and heavy timbers of all kinds, telegraph poles, railroad ties, culvert pipes, rails, fencing, derricks, pieces of granite weighing tons for abutment work, etc., all of these things are necessary in the construction and repair of a railroad, and because any or all of them are calculated to frighten horses, this fact does not necessarily constitute them a nuisance. Repairs have to be made upon railroads constantly to keep them in a safe condition for the transportation of travelers and freight, and railroad companies are compelled to make these repairs and are compelled to use these materials in making such repairs. It is not a matter in the discretion of a company. It is a matter of legal compulsion that a railroad company shall renew and repair its bridges and road-bed from time to time so that they shall be safe for travel; and along with that burden, necessarily goes the right to use all needed material, although in such use it might be calculated to frighten horses traveling upon the highway. All these things were within the knowledge of the legislature and must be presumed to have been anticipated when it granted the fran-

chise to construct, operate and maintain this railroad; so that it would appear, that under its charter, the company had the right to assemble its material within the bounds of its location for purposes of repair, and would not be liable under any circumstances therefor unless it unreasonably exercised this right.   This is the utmost limit of the law to which the plaintiff can ask you to go.   Injury alone will never support an action on the case for a nuisance ; there must be a concurrence of injury and wrong.   Did the railroad company make a reasonable and proper use of the rights vested in it by its charter? If so, it cannot be held to have created or maintained a nuisance *State* v. *Louisville, etc., R. R. Co.,* 10 Am. & Eng. R. R. cases, 286.

SITTING :  WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J.   From the report we find the following facts.   As the plaintiff was driving along the highway in Guilford where it runs adjacent to and nearly parallel with the track of the defendant, her horse became suddenly frightened at three pieces of culvert pipe, and she was thrown from her wagon and injured.   The pipe was lying upon the right of way of the defendant corporation some seventeen feet outside of the limits of the highway, and had been deposited there by the defendant four days before for the purpose of repairing and improving its road-bed at Cooper brook, by substituting a cul-vert for a bridge at that point.   Each piece of pipe weighed something over three tons, and they were as near to the railroad track and the brook as it was practicable to unload and use them.   The plaintiff was at the time in the exercise of due care; her horse was kind, safe, and broken for travel upon the public roads, and the appearance of the pipe was such as was calculated to frighten horses of ordinary gentleness.

While every person is bound to use and enjoy his own property in such a manner as not to unreasonably injure another's, yet no action will lie for the reasonable exercise or use of a person's right.   If a man unreasonably leaves upon his own premises an object whose appearance is such that it will frighten horses which are kind, safe,

and broken for travel upon our public roads, he is liable for the injuries which result therefrom. The appearance of the object, and the resulting injury alone, are not sufficient to create the liability. There must be something in the time, or manner, or circumstances under which the act is done which charges him with a want of proper regard for the rights of others. The plaintiff in traveling along the highway was in the exercise of her lawful right. The defendant also, in repairing and improving its road, was in the exercise of a right conferred by its charter, and a duty which the law imposes upon it for the safety of the public who travel over its road. In doing this it must act reasonably, and with a due regard for the rights and safety of persons who have occasion to use the highway. It cannot act negligently, improperly, or unreasonably. The rights of the parties are to be harmonized, but if due care is exercised by a railroad corporation in making repairs and improvements upon its own premises, it is not responsible for the inconveniences, or even injurious consequences, that may arise from such acts. The public which creates these great channels of travel and commerce, and whose safety and convenience demand that they be maintained in repair, must submit to such inconveniences as are necessarily incident to their management and operation.

Each case must necessarily stand upon its own facts. Applying these principles to the case before us we think the plaintiff has failed to show that the defendant acted negligently or unreasonably. The pipe was upon the defendant's own premises, placed there for a lawful purpose, and close to the spot where it was to be used. Its weight, 6147 pounds to the piece, was such as precluded it from being placed on the other side of the railroad, or further away from the highway.

It is true that, in view of the fact that the appearance of the pipe was calculated to frighten horses of ordinary gentleness, the defendant would not be justified in allowing it to remain so near the highway for an unreasonable time. Under the circumstances, however, we do not think four days an unreasonable time. The nature of the repairs for which the pipe was intended, the constant and regular use of the defendant's road for public travel and commerce, the extent of its

line which must be kept in repair at all times and in all places, make it unreasonable to require that such material should not be moved to the place of its use until the very day that the use is to be made of it. Some latitude and discretion must be allowed to those intrusted with the construction and operation of great public works as to the manner in which, and the means by which, they will perform the duties imposed upon them. If they act in good faith, with a proper regard for the rights of others, and without carelessless or negligence, they are exempt from liability.

*Judgment for defendant.*